FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2020

SEAN F. McAVOY, CLERK

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | EASTERN |
|---|---|---|

| Name (under which you were convicted): JOHN MUNZANREDER | Docket or Case No.: **1:20-cv-03139-SMJ** |
|---|---|

| Place of Confinement: STAFFORD CREEK CORRECTIONS CENTER ABERDEEN, WASHINGTON | Prisoner No.: 382019 |
|---|---|

| Petitioner (include the name under which you were convicted) JOHN MUNZANREDER | v. | Respondent (authorized person having custody of petitioner) RON HAYNES |
|---|---|---|

| The Attorney General of the State of: WASHINGTON, ROBERT FERGUSON |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    YAKIMA CO. SUPERIOR COURT
    123 N. 2ND STREET Room 323
    YAKIMA, WA 98901

    (b) Criminal docket or case number (if you know): 13-1-00287-1

2.  (a) Date of the judgment of conviction (if you know): 2/2/2015

    (b) Date of sentencing: 4/10/2015

3.  Length of sentence: 340 MONTHS

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    FIRST DEGREE MURDER

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty          ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8.  Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: COURT OF APPEALS OF WASHINGTON STATE

(b) Docket or case number (if you know): 33328-1-III

(c) Result: APPEAL DENIED - VERDICT UPHELD

(d) Date of result (if you know): 6-1-2017

(e) Citation to the case (if you know): 199 Wn. App 162; 398 P.3d 1160

(f) Grounds raised: (1) BY DENYING MOTION TO CHANGE VENUE MR. MUNZANREDER WAS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL JURY. (2) VOIR DIRE PROCESS VIOLATED MUNZANREDER'S DUE PROCESS AND RIGHT TO AN IMPARTIAL JURY. (3) MUNZANREDER'S DUE PROCESS RIGHT WAS VIOLATED BY CONFLICTING "TO CONVICT" JURY INSTRUCTIONS FOR 1ST AND 2ND DEGREE MURDER.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: SUPREME COURT OF WASHINGTON STATE

(2) Docket or case number (if you know): 94882-8

(3) Result: DISCRETIONARY REVIEW DENIED - VERDICT UPHELD

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 12/6/2017 - FILED 12/12/2017

(5) Citation to the case (if you know): 189 Wn. 2d 1027; 406 P. 3d 280

(6) Grounds raised: SAME AS DIRECT APPEAL TO STATE COURT OF APPEALS LISTED UNDER (F) OF THIS SECTION.

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: COURT OF APPEALS OF WASHINGTON STATE

(2) Docket or case number (if you know): 36484-4

(3) Date of filing (if you know): 12/11/2018

(4) Nature of the proceeding: PERSONAL RESTRAINT PETITION

(5) Grounds raised: ① INEFFECTIVE TRIAL COUNSEL VIOLATED MLUNEANREDER'S RIGHT TO A FAIR TRIAL AND DUE PROCESS. ② PROSECUTOR MISCONDUCT VIOLATED MLUNEANREDER'S DUE PROCESS AND RIGHT TO A FAIR TRIAL. ③ CUMULATIVE ERROR VIOLATED RIGHT TO FAIR TRIAL AND DUE PROCESS.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: VERDICT UPHELD / CONVICTION AFFIRMED.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): 1/22/2020

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SUPREME COURT OF WASHINGTON STATE

(2) Docket or case number (if you know): 98192-2

(3) Date of filing (if you know): 2/21/2020

(4) Nature of the proceeding: MOTION FOR DISCRETIONARY REVIEW OF PERSONAL RESTRAINT PETITION

(5) Grounds raised: SAME AS THOSE LISTED UNDER SECTION 11(a)(5), RIGHT TO DUE PROCESS AND FAIR TRIAL VIOLATED BY INEFFECTIVE TRIAL COUNSEL AND PROSECUTOR MISCONDUCT.

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: REVIEW DENIED/CONVICTION AFFIRMED.

(8) Date of result (if you know): 6/12/2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:   ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

SECOND PETITION WAS TO THE STATES
HIGHEST COURT REFERENCING FIRST PETITION

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** DENIAL OF MOTION FOR CHANGE OF
VENUE VIOLATED 6TH AMEND. TRIAL BY IMPARTIAL JURY.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PRESS AND MEDIA COVERAGE FOR THE TWO
YEARS LEADING UP TO TRIAL WAS HOSTILE,
INFLAMATORY, AND PREJUDICIAL RESULTING
IN A BIASED JURY POOL REQUIRING
CHANGE OF VENUE FOR A TRIAL THAT
IS FAIR AND IMPARTIAL.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

EXHAUSTED

_____

_____

_____

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____



AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** 6TH and 14TH AMEND RIGHT TO IMPARTIAL JURY AND DUE PROCESS VIOLATED BY IMPROPER VOIRDIRE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

BASED ON QUESTIONAIRE OVER 85% OF JURORS HAD FORMED NEGATIVE OPINION OF MUNZANPREDER. AFTER EXHAUSTING PREMPTORY CHALLENGES SEVERAL JURORS ADMITTED THAT EVIDENCE IN TRIAL WOULD NEED TO PROVE MUNZANPREDER INNOCENT. THESE JURORS WERE REQUESTED TO BE REMOVED FOR CAUSE WHICH WAS DENIED. THESE BIASED JURORS WERE SEATED ON JURY FOR TRIAL.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

EXHAUSTED

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

_____

_____

**GROUND THREE:**  MUNZANREDER WAS DENIED DUE PROCESS UNDER 14TH AMEND FROM CONFLICTING JURY INSTRUCTION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AT THE LAST MINUTE, AGAINST MUNZANREDER'S OBJECTION, THE PROSECUTOR ADDED LESSER INCLUDED 2ND DEGREE MURDER JURY INSTRUCTION. IN THE HASTE HOWEVER, THE "TO CONVICT" VERBAGE FOR THIS CHARGE WAS DIFFERENT THAN THE 1ST DEGREE, BECAUSE PART OF THE VERBAGE INCLUDED "ACCOMPLICE" THE INSTRUCTIONS BECAME CONFUSING.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

EXHAUSTED

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):



AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** MUNZANREDER WAS DENIED EFFECTIVE ASSISTANCE OF
COUNSEL UNDER 6TH AMEND WHEN COUNSEL FAILED TO PRESENT A
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):  COMPLETE DEFENSE

AFTER THE POLICE USED DNA SWABS FOR GSR TEST THE STATE
USED THE ONLY LAB IN THE COUNTRY TO ANALYZE THE SAMPLES
THE LAB DIDN'T FOLLOW HIS OWN GUIDELINES SO TEST
RESULTS WERE OBSERVED FROM OUTDATED AND FLAWED
TESTING, DEFENSE COUNSEL ADVISE THE COURT OF A
FRYE HEARING TO EXCLUDE THESE THEN CHANGED MIND
DUE TO LOOPS INVOLVED EVEN THOUGH THE COURT AND STATE
(b) If you did not exhaust your state remedies on Ground Four, explain why:  ADVISED DEFENSE TO
HAVE THE FRYE.
THIS WAS EXHAUSTED

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: THIS WAS BROUGHT
THROUGH PERSONAL RESTRAINT PETITION.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PERSONAL RESTRAINT PETITION

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: WASHINGTON
STATE COURT OF APPEALS

Docket or case number (if you know): 36484-4

Date of the court's decision: 1/22/2020

Result (attach a copy of the court's opinion or order, if available):

CONVICTION AFFIRMED

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: WASHINGTON
STATE SUPREME COURT

Docket or case number (if you know): 98192-2

Date of the court's decision: 6/12/2020

Result (attach a copy of the court's opinion or order, if available):

REVIEW DENIED
CONVICTION AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

**GROUND** FIVE : DENIED EFFECTIVE COUNSEL OF 6TH AMEND.

(a) Supporting facts: DURING CLOSING DEFENSE COUNSEL MISSPOKE ABOUT MUNZANREDER'S LOCATION DURING THIS SHOOTING EFFECTIVELY ELIMINATING HIS DEFENSE. WHEN PROSECUTOR REFERENCED THE ERROR IN HER CLOSING DEFENSE COUNSEL OBJECTED BUT WAS OVER RULED AND SHOULD HAVE REQUESTED A CORRECTING JURY INSTRUCT.

(b) If you did not exhaust your state remedies on this Ground, explain why: _____

~~THERE WAS PROPER EXHAUSTION~~

~~THROUGH A PERSONAL~~ .

THIS WAS EXHAUSTED.

(c) **Direct Appeal of Ground** FIVE : NO

　　(1) If you appealed from the judgement of conviction, did you raise this issue? No

　　(2) If you did not raise this issue in your direct appeal, explain why: _____

　　　THIS WAS RAISED UNDER A
　　　PERSONAL RESTRAINT PETITION

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas

　　　corpus in a state trial court? YES

　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　Type of motion or petition: PERSONAL RESTRAINT PETITION

　　　Name and location of the court where the motion or petition was filed: _____

　　　WASHINGTON STATE COURT OF APPEALS

　　　Docket or case number (if you know): 36484-4

　　　Date of court's decision: 1/22/2020

Additional Grounds

PAGE 12/23

Result (attach a copy of court's opinion or order, if available): _____

_CONVICTION AFFIRMED_

(3) Did you receive a hearing on your order or petition? _NO_

(4) Did you appeal from the denial of your motion or petition? _YES_

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

_YES_

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_WASHINGTON STATE SUPREME COURT_

Date of court's decision: _98192-2    6/12/2020_

Result (attach a copy of the court's opinion or order, if available): _____

_CONVICTION AFFIRMED_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did

not raise this issue: _____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies

on this Ground: _____

_____

_____

_____

Additional Grounds

PAGE 13/23

GROUND _SIX_ : PROSECUTOR MISCONDUCT DENIED DUE PROCESS AND FAIR TRIAL UNDER 4TH AND 14TH AMEND.

(a) Supporting facts: _____

AFTER DEFENSE COUNSEL MISSPOKE DURING CLOSING. (SEE GROUND 5) PROSECUTOR PRESENTED THIS MISSPEAK AS EVIDENCE THAT MUNZANREDER WAS IN LOCATION OF THIS SHOOTING EVEN SAYING "DEFENSE COUNSEL ADMITS HE WAS THERE."

(b) If you did not exhaust your state remedies on this Ground, explain why: _____

THIS WAS EXHAUSTED.

(c) **Direct Appeal of Ground** _SIX_ :

(1) If you appealed from the judgement of conviction, did you raise this issue? NO

(2) If you did not raise this issue in your direct appeal, explain why: _____

THIS ISSUE WAS RAISED ON PERSONAL RESTRAINT PETITION

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? YES

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PERSONAL RESTRAINT PETITION

Name and location of the court where the motion or petition was filed: _____

WASHINGTON STATE COURT OF APPEALS

Docket or case number (if you know): 36484-4

Date of court's decision: 1/22/2020

Additional Grounds

PAGE 14/23

Result (attach a copy of court's opinion or order, if available):_____

CONVICTION AFFIRMED

(3) Did you receive a hearing on your order or petition? ___No_____

(4) Did you appeal from the denial of your motion or petition? ___Yes___

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

WASHINGTON STATE SUPREME COURT

Date of court's decision: #98192-2 on 10/12/2020

Result (attach a copy of the court's opinion or order, if available):_____

REVIEW DENIED /CONVICTION AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did

not raise this issue:_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies

on this Ground:_____

_____

_____

_____

Additional Grounds

**GROUND** _SEVEN_ : CUMMULATIVE ERRORS VIOLATED 6TH AND 14TH AMEND RIGHT TO DUE PROCESS AND FAIR TRIAL

(a) Supporting facts: FROM MEDIA COVERAGE ON DAY ONE THROUGH CLOSING ARGUMENTS THIS IS FRAUGHT WITH ERRORS THAT INDIVIDUALLY VIOLATED MANZANARES'S RIGHTS. WHEN THEY ARE COMBINED THE TOTALITY REQUIRES RELIEF.

(b) If you did not exhaust your state remedies on this Ground, explain why: THIS WAS EXHAUSTED

(c) **Direct Appeal of Ground** _SEVEN_ :

(1) If you appealed from the judgement of conviction, did you raise this issue? YES

(2) If you did not raise this issue in your direct appeal, explain why: GROUNDS 4-6 WERE BROUGHT UNDER CUMMULATIVE ERROR ON PERSONAL RESTRAINT PETITION

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? YES

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PERSONAL RESTRAINT PETITION

Name and location of the court where the motion or petition was filed: WASHINGTON STATE COURT OF APPEALS

Docket or case number (if you know): 36484-4

Date of court's decision: 1/22/2020

Additional Grounds

Result (attach a copy of court's opinion or order, if available):_____

CONVICTION    AFFIRMED

(3) Did you receive a hearing on your order or petition? _____ No

(4) Did you appeal from the denial of your motion or petition? _____ YES

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

YES

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

WASHINGTON STATE SUPREME COURT

Date of court's decision: #98192-2 ON 6/12/2020

Result (attach a copy of the court's opinion or order, if available): REVIEW

DENIED/CONVICTION AFFIRMED

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did

not raise this issue:_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies

on this Ground:_____

_____

_____

_____

GROUND _EIGHT_ : WA. STATE COURT OF APPEALS VIOLATED 6TH AND 14TH AMEND RIGHT TO DUE PROCESS AND FAIR TRIAL.

(a) Supporting facts:

AFTER DETERMINING AGREEMENT THAT MEDIA COVERAGE OF MUNZANREDER'S CASE WAS PREJUDICIAL AND WARRANTED A CHANGE OF VENUE THEY ABUSED THEIR DISCRETION BY REFUSING TO REMAND FOR NEW TRIAL BECAUSE DEFENSE DIDN'T REQUEST EXTRA PRE-EMPTORY CHALLENGES WHICH IS NOT A PREREQUISITE IN

(b) If you did not exhaust your state remedies on this Ground, explain why: ANY COURT RULES.

NO, BECAUSE THIS WAS THE STATE COURT.

(c) **Direct Appeal of Ground _EIGHT_ :**

(1) If you appealed from the judgement of conviction, did you raise this issue? No

(2) If you did not raise this issue in your direct appeal, explain why:

THIS AROSE BECAUSE/FROM THE DIRECT APPEAL.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of court's decision: _____

Additional Grounds

Result (attach a copy of court's opinion or order, if available):_____

_____

(3) Did you receive a hearing on your order or petition? _____

(4) Did you appeal from the denial of your motion or petition? _____

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

_____

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Date of court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did

not raise this issue:_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies

on this Ground:_____

_____

_____

_____

Additional Grounds

PAGE 19/23

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:  GROUND #8, BECAUSE IT AROSE FROM APPEALS FILED IN STATE COURTS

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

GROUND #8, SEE PART (a) #13 ABOVE.

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☒ Yes  ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  WASHINGTON STATE SUPERIOR COURT. YAKIMA COUNTY. DOCKET 13-1-00287-1, POST CONVICTION DNA TESTING AND APPOINTMENT OF COUNSEL FOR ANY HEARINGS FOR DNA MOTION.

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: NOT KNOWN - ASSIGNED FROM
YAKIMA Co, DEPT OF ASSIGNED COUNSEL

(b) At arraignment and plea: NOT KNOWN - ASSIGNED FROM
YAKIMA Co DEPT OF ASSIGNED COUNSEL

(c) At trial: CHAD DOLD (CHARLES)
YAKIMA Co, DEPT OF ASSIGNED COUNSEL

(d) At sentencing: CHAD DOLD (CHARLES)
311 N. 4TH ST, SUITE 104 YAKIMA WA 98901

(e) On appeal: MARLA ZINK
1511 3RD AVE, SUITE 701 SEATTLE WA 98101

(f) In any post-conviction proceeding: SHANNON MARSH / STACELP
BENNETTS. 8604 CALIFORNIA AVE S.W.
SUITE 220  SEATTLE WA 98116

(g) On appeal from any ruling against you in a post-conviction proceeding:

_____

_____

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

MY PETITION SHOULD BE
CONSIDERED TIMELY
BECAUSE SINCE MY
CONVICTION BECAME
FINAL I HAVE EITHER

AO 241 (Rev. 09/17)

BEEN WORKING ON OR
HAD A PROPERLY FILED
APPLICATION FOR STATE
POST-CONVICTION OR
OTHER COLLATERAL REVIEW
PENDING.

THERE HAVE ALSO BEEN
DELAYS THIS YEAR WITH
THE COURTS DUE TO THE
COVID-19 PANDEMIC.

AS WELL AS HAVING TO WAIT
THREE WEEKS TO GET AN
APPOINTMENT IN OUR LAW
LIBRARY TO EFILE.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  *REMAND FOR A NEW TRIAL.*

or any other relief to which petitioner may be entitled.

_____ *PRO SE*

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  *9/9/2020*  (month, date, year).

Executed (signed) on  *9/9/2020*  (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.